UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| COMMUNITY HEALTH CENTER, INC., : <br> *Plaintiff* : <br> : <br> v. : <br> : <br> PATRICIA WILSON-COKER, <br> COMMISSIONER OF THE STATE OF <br> CONNECTICUT DEPARTMENT OF <br> SOCIAL SERVICES, : <br> *Defendant* : | LEAD DOCKET NO. 3:01CV146(JBA) <br> <br> ALL CASES <br> <br> <br> <br> <br> <br> <br> October 24, 2005 |

## AFFIDAVIT OF GARY RICHTER

I, Gary Richter, having been sworn, depose and say:

1. I am over eighteen years of age and believe in the obligation of an oath.

2. I am the Director of Certificate of Need and Rate Setting for the State of Connecticut, Department of Social Services (Department) and have held this position for fourteen years.

3. The Department is the single state agency for purposes of administering Title XIX of the Social Security Act (Medicaid) in the State of Connecticut.

4. One of my job responsibilities is to prepare state Medicaid rates for approval by the Commissioner of Social Services for Medicaid providers in the State of Connecticut, including federally qualified health centers (FQHCs).

5. As part of my rate-setting responsibilities, I prepare amendments to the Medicaid State plan for review by the Commissioner of Social Services and submission to the Centers for Medicare and Medicaid Services (CMS), formerly known as the Health Care Financing Administration (HCFA), and issue public notice as necessary and in accordance with federal regulatory requirements.

6. Effective for services rendered on and after January 1, 2001, Congress enacted a new reimbursement mechanism for Medicaid funding of FQHCs, utilizing a prospective payment system.

7. A directive to the states from HCFA dated January 19, 2001, provided that "States must submit conforming State plan amendments [to the new prospective payment system] before the end of the calendar quarter [March 31, 2001]." Attachment 1.

8. On or about March 29, 2001, the Department submitted State plan amendment 01-002 to HCFA to demonstrate compliance with the new federal law regarding FQHC reimbursement. Attachment 2.

9. As an addendum to the State plan amendment, the Department included newly revised policy that sets forth the mechanism by which FQHC rates would be calculated in accordance with the new federal prospective payment system. Attachment 2.

10. On or about April 12, 2001, a revised addendum to State plan amendment 01-002 was submitted to HCFA to reflect technical, non-substantive changes. Attachment 3.

11. On or about June 7, 2001, in response to recommendations contained in a May 21, 2001 letter from HCFA and to other comments received by the Department, the Department submitted another revised addendum to the State plan amendment 01-002. Attachment 4.

12. On June 21, 2001, HCFA approved the Department's State plan amendment 01-002 as submitted on June 7, 2001. Attachment 5.

13. The State plan amendment approved by HCFA on June 21, 2001 includes a 4200 visit physician productivity screen, by virtue of which the rate for each Connecticut FQHC is determined, in the absence of a waiver, based upon the higher of the actual number of patient visits per physician per year or 4200 patient visits per physician per year. Attachment 4.

14. Connecticut has applied a 4200 visit physician productivity screen to FQHC rate determinations since the enactment of Conn. Gen. Stat. § 17b-245a in 1996. Conn. Gen. Stat. § 17b-245a provided that "in the determination of rates for federally qualified health centers, the Commissioner of Social Services shall apply Medicare productivity standards."

15. If a Connecticut FQHC did not meet the 4200 visit physician productivity standard in either 1999 or 2000, it had the opportunity to apply for a waiver of the screening guideline and to present reasonable justification for why the screen was not met. Attachment 4.

16. Community Health Center, Inc. did not apply for a waiver of the 4200 visit physician productivity standard with respect to its January 1, 2001 prospective rate.

17. Southwest Community Health Center, Inc., Bridgeport Community Health Center, Inc., Charter Oak Health Center, Inc. and Community Health Services, Inc. did apply for a waiver of the productivity standard with respect to their January 1, 2001 prospective rates. Final administrative decisions on those waiver applications are pending.

_____
Gary Richter

Sworn and subscribed before me on this 24th day of October, 2005.

_____
Thomas J. Ring
Commissioner of the Superior Court