UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| COMMUNITY HEALTH CENTER, INC., *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Lead Docket No. |
| ) | Civil Action No. 301cv146(JBA) |
| PATRICIA WILSON-COKER, J.D., M.S.W., ) | |
| COMMISSIONER OF THE ) | |
| STATE OF CONNECTICUT ) | |
| DEPARTMENT OF SOCIAL SERVICES, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Defendant insists that the Centers for Medicare and Medicaid Services' ("CMS") approval of the Connecticut State Plan amendment containing the 4200 physician productivity guideline is entitled to deference under the principles of *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984). She also cites *Pharmaceutical Research and Manufacturers of America v. Thompson ("PhRMA")*, 362 F. 3d 817, 822 (D.C. Cir. 2004).

The court in *PhRMA* was confronted with a challenge to a low-cost prescription drug coverage program that was designed by the State of Michigan and approved by the Secretary of the U.S. Department of Health and Human Services ("HHS"). With respect to the provision of the Medicaid statute at issue in that case, the Court observed that Congress had expressly conferred on the Secretary the authority to review and approve

1

State Medicaid plans as a condition to disbursing federal Medicaid payments. According to the Court, through this express delegation of authority, Congress manifested its intent that the Secretary's determinations based on an interpretation of the relevant statutory provisions were entitled to *Chevron* deference.

The *PhRMA* decision bears little resemblance to the instant case. As set forth in plaintiffs' opposition to defendant's summary judgment motion (at 6-10), the CMS Regional Office made no "interpretation" of the Medicaid statute when it approved the Connecticut State Plan amendment containing the 4200 physician productivity screen. That Office approved the amendment because of its silly notion that CMS policy required it to accept whatever payment methodology was in place immediately prior to the PPS legislation as the methodology to be applied in calculating reasonable costs under new PPS law, even if, as was the case here, that pre-existing methodology had been unlawfully imposed in the first instance. *See* Plaintiffs' Opposition at 8-9.

If the *PhRMA* Court's reasoning has any relevance to the facts in this case, it would be that the 1995 letter to Medicaid State agencies sent by CMS' head of the Medicaid program – a letter that effectively interpreted the reasonable cost provision of the statute as necessitating a prior study/analysis before adopting a physical productivity screen – is entitled to deference. Put otherwise, the State's failure to follow the procedures required by the letter was a failure to adhere to a reasonable construction of the statute and, as such, constituted a statutory violation.

Defendant also argues that CMS' decision to apply the 4200 productivity guideline is entitled to deference because of the "analysis" in the late 1970s or early 1980s, which allegedly led to CMS' adoption of the same screen HHS' Health Resources

and Services Administration ("HRSA") then used for its community health center program. That adoption, of course, was not for the Federally-qualified health center ("FQHC") 100 percent cost program that Congress passed in 1989, but for another program for which some health centers were eligible.[1]

Defendant's deference argument, in the end, works against, not for defendant. Deference has its roots in the idea that the conclusions of an agency with expertise in the area under consideration should be given considerable weight. *See, e.g., Aluminum Company of America v. Central Lincoln Peoples' Utility District*, 467 U.S. 380, 390, 104 S. Ct 2472, 2479, 81 L. Ed. 2d 301 (1984)(agency had "longstanding expertise in the area"); *Skidmore v. Swift*, 323 U.S. 134, 65 S. Ct. 161, 89 L. Ed. 124 (1944)(agency administrator had accumulated "considerable experience" and knowledge). Here, the agency with by far the most expertise within HHS is HRSA, which had first applied the 4200 physician productivity guideline with respect to its own community health center program and to which CMS itself deferred in using the same guideline in the earlier program and then later (in 1992 and 1996) in the FQHC Medicare program.

HRSA, as the Court well knows, decided to eliminate the use of productivity screen shortly after CMS decided in 1992 to use it for FQHC Medicare. David Worgo, designated by CMS to serve as its Fed. R. Civ. P. 30(b)(6) witness, testified that CMS learned about HRSA's decision to abandon the productivity guideline shortly after the decision was made. As he explained it, a meeting of CMS officials was convened to discuss the issue. No decision was made at the meeting about what action CMS should take in regard to the issue. Thereafter, again according to Mr. Worgo, HRSA's decision

---

[1] CMS' inability to locate that "analysis" is also relevant. The Court can hardly defer to what, on the record of this case, is a phantom.

3

to jettison the screen, as far as CMS' process was concerned, simply disappeared; only to resurface in 1996 when final Medicare FQHC regulations were issued, and, despite the knowledge of Mr. Worgo and his colleagues that HRSA had dispensed with the screen, CMS justified its continued use of that screen on the basis of HRSA's use of it. *See* Worgo Depo. 89-93.

CMS' failure to address the fact that HRSA had determined that the screen (among other things) impinged on the delivery of quality health care, much less the fact that HRSA no longer used the screen, clearly violated the Administrative Procedure Act's prohibition against agency action that is "arbitrary, capricious, an abuse of discretion, [] otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706.[2]

In short, Connecticut here urges deference to CMS' arbitrary and capricious decision. To the extent deference is applicable in this case, that deference would be due the agency with expertise, HRSA, and its well-justified determination to abandon the productivity screen.

---

[2] Under the APA, an agency decision must contain a "rational connection between the facts found and the choice made." *Lozowski v. Mineta*, 292 F.3d 840, 845 (D.C. Cir. 2002), *citing Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) ("*State Farm*"); *see also FCC v. Nextwave Personal Communications, Inc.*, 123 S. Ct. 832, 838 (2003) ("contrary to law" requirement of APA means "*any* law").

November 28, 2005

                                         Respectfully submitted,

Richard R. Brown
Fed. Bar No. CT 00009
Brown, Paindiris & Scott
100 Pearl Street
Hartford, CT 06103
(860)522-3343 (Telephone)
(860)522-2490 (Facsimile)

_/s/ James L. Feldesman/KSG_
James L. Feldesman
Kathy S. Ghiladi
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W.
Second Floor
Washington, D.C. 20036
Tel: (202) 466-8960
Fax: (202) 293-8103

Counsel for Plaintiffs

## CERTIFICATION

This is to certify that a copy of the foregoing was sent by Federal Express on November 28, 2005 to:

Lauren M. Nash
Assistant U.S. Attorney
P.O. Box 1824
New Haven, CT 06508

Thomas J. Ring
Assistant Attorney General
P.O. Box 120
Hartford, CT 06141-0120

Marilyn B. Fagelson, Esq.
Murtha Cullina LLP
2 Whitney Avenue
New Haven, CT 06510

Richard R. Brown
Brown, Paindiris & Scott
100 Pearl Street
Hartford, CT 06103

James L. Feldesman